# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS CHRISTOPHER CATO, ) | CV F 05 0159 OWW SMS HC |
| ) | |
| Petitioner, ) | ORDER ADOPTING FINDINGS AND |
| ) | RECOMMENDATION |
| ) | [Doc. #7] |
| v. ) | |
| ) | ORDER DISMISSING PETITION FOR WRIT |
| ) | OF HABEAS CORPUS |
| TOM CAREY, Warden, ) | [Doc. #1] |
| ) | |
| Respondent. ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO ENTER JUDGMENT |

Petitioner is a state prisoner proceeding pro se with a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 3, 2004, the Ninth Circuit Court of Appeals granted Petitioner's application for authorization to file a second or successive habeas petition.

On March 30, 2005, the Magistrate Judge issued Findings and Recommendation that recommended the petition for writ of habeas corpus be DISMISSED WITH PREJUDICE as successive and for failure to exhaust state remedies. In addition, the Magistrate Judge recommended that Petitioner's motion for a stay be DENIED. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date

of service of the order.

On August 8, 2005, Petitioner filed objections to the Findings and Recommendation.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.

In his objections, Petitioner argues his motion for a stay of the proceedings was wrongfully denied. He states the petition incorrectly implies that a habeas petition is currently pending at the California Supreme Court. In fact, there are no petitions pending in any state court at this time. Petitioner argues that the Magistrate Judge's findings are therefore based on incorrect information and must be rejected. Petitioner's argument is without merit. The Magistrate Judge found the claim, and therefore the entire petition, to be unexhausted. Petitioner's statements do not alter this fact. Pursuant to 28 U.S.C. § 2254(b)(1), Petitioner must first exhaust his state remedies. While it is true that a district court has discretion to hold a fully exhausted petition or a mixed petition in abeyance, no authority exists which supports holding a totally unexhausted petition in abeyance. Rhines v. Weber, __ U.S. __, __, 125 S.Ct.1528, 1533, 2005 WL 711587 (2005); Calderon v. United States Dist. Court (Thomas), 144 F.3d 618,620 (9th Cir. 1998); Calderon v. United States District Court (Taylor), 134 F.3d. 981, 988 (9th Cir 1998). Because the instant petition is totally unexhausted, the Magistrate Judge properly recommended that the motion to stay be denied.

Petitioner also claims there was no cause to recommend the petition be dismissed "with prejudice." Petitioner argues that his failure to exhaust should result in a dismissal without prejudice. However, the Magistrate Judge acknowledged this fact but recommended that the dismissal be with prejudice "[b]ecause the petition is successive." See Findings and Recommendation at 5. The Magistrate Judge's recommendation is not improper because there is nothing Petitioner can do should he re-file his petition which would change the fact that his petition is barred as successive.

Petitioner also takes issue with the Magistrate Judge's conclusion that the petition should be dismissed as successive. Petitioner attempts to circumvent the Magistrate Judge's finding that his claim could have been, and was in fact, discovered previously through the exercise of due diligence

by placing blame on his appellate attorney for failing to raise and exhaust the issue in the California Supreme Court despite his voiced desire that his attorney do so. See 28 U.S.C. § 2244(b)(2)(B)(i). Petitioner's argument is without merit. As discussed by the Magistrate Judge, Petitioner had several opportunities to present his claim to the state courts apart from the petition for review to the California Supreme Court. Petitioner could have raised the claim in his subsequent habeas petitions in the state courts. He could also have requested a stay of the proceedings in his first federal habeas petition, just as he has done in this case.

In sum, Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis. There is no need to modify the Findings and Recommendations based on the points raised in the objections.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued March 30, 2005, is ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE;

3. Petitioner's motion for stay of the proceedings is DENIED; and

4. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:   August 15, 2005**              **/s/ Oliver W. Wanger**
emm0d6                                    UNITED STATES DISTRICT JUDGE